UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
IN RE VEECO INSTRUMENTS INC.              :
SECURITIES LITIGATION                     :   No. 7:05-MD-01695-CM
                                          :
-----------------------------------x
THIS DOCUMENT RELATES TO:                 :
                                          :
-----------------------------------x
EDWARD J. HUNEKE, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,               :
                                          :   No. 7:05-CV-10224-CM
          Plaintiff,                      :
     v.                                   :
EDWARD H. BRAUN, et al.,                  :
                                          :
          Defendants.                     :
                                          :
-----------------------------------x

[Caption continued on following page.]

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED
MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants*

August 11, 2006

```
------------------------------------x
                                    :
AUGUST SCHUPP, III, derivatively on behalf  :   No. 7:05-CV-10225-CM
of VEECO INSTRUMENTS, INC.,         :
                                    :
            Plaintiff,              :
    v.                              :
                                    :
EDWARD H. BRAUN, et al.,            :
                                    :
            Defendants.             :
                                    :
                                    :
------------------------------------x
                                    :
DAVID ALTMAN, derivatively on behalf:
of VEECO INSTRUMENTS, INC.,         :
                                    :   No. 7:05-CV-10226-CM
            Plaintiff,              :
    v.                              :
                                    :
EDWARD H. BRAUN, et al.,            :
                                    :
            Defendants.             :
                                    :
------------------------------------x
```

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ......................................................................................................................... 1

    I.    Derivative Plaintiffs Have Suffered No Prejudice and Do Not Object to This Motion ............................................................................................................. 3

    II.    Defendants Have Acted In Good Faith ................................................................ 3

    III.    Defendants Have Acted Quickly to Cure the Error ............................................. 4

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

## Cases

*Fokker Aerostructures, B.V. v. Am. Freight Lines, Inc.*,
  No. 02 CV 8324 (GBD), 2004 WL 1488378 (S.D.N.Y. July 1, 2004) .................................. 2, 3

*Georgopolous v. Int'l Bhd. of Teamsters, AFL-CIO*,
  164 F.R.D. 22 (S.D.N.Y. 1995) ............................................................................................. 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380, 113 S. Ct. 1489 (1993) ............................................................................... 1, 2

*Raymond v. Int'l Bus. Machs. Corp.*,
  148 F.3d 63 (2d Cir. 1998) ..................................................................................................... 2

## Rules

Federal Rules of Civil Procedure
  Rule 12(a)(4)(A) ................................................................................................................. 1, 3
  Rule 6(b)(2) ............................................................................................................................ 1

Defendants Edward H. Braun, Peter J. Simone, Richard J. D'Amore, Joel A. Elftmann, Heinz K. Fridrich, Douglas A. Kingsley, Paul R. Low, Roger D. McDaniel, Irwin H. Pfister, Walter J. Scherr, and Nominal Defendant Veeco Instruments Inc. (collectively, the "Defendants") respectfully move this Court, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, for an enlargement of time until August 16, 2006 for Defendants to submit their answer to Derivative Plaintiffs' Consolidated Amended Verified Shareholder Derivative Complaint (the "Derivative Complaint") under Rule 12(a)(4)(A).

## ARGUMENT

Defendants' counsel recently realized that we had failed to serve an answer to the Derivative Complaint within the prescribed ten-day time limit (*see* Fed. R. Civ. P. 12(a)(4)(A)) following the Court's ruling on June 14, 2006 denying Defendants' motion to dismiss the Derivative Complaint on the basis of demand futility (the "Court's June 14, 2006 Order and Decision"). *See* Declaration of Robert F. Serio ("Serio Decl.") ¶ 4. Defendants' counsel promptly informed Derivative Plaintiffs' counsel that Defendants had not yet filed an answer. *Id.* ¶ 6. Derivative Plaintiffs' counsel has stipulated to extend the filing deadline to August 16, 2006 and does not oppose this motion. *Id.* Defendants respectfully submit that their failure to answer the Derivative Complaint was the result of an inadvertent delay constituting excusable neglect, and respectfully request that this Court grant Defendants' unopposed motion to extend the date by which Defendants must answer the Derivative Complaint to August 16, 2006.

"Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S. Ct. 1489, 1496 (1993) (quoting Fed. R. Civ. P. 6(b)(2)). In discussing the meaning of

"excusable neglect," the Supreme Court has stated that "there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." *Id.* at 391-92, 113 S. Ct. at 1496; *see also Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (same). "Although inadvertence . . . [does] not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392, 113 S. Ct. at 1496; *Raymond*, 148 F.3d at 66 (affirming district court's decision to grant plaintiff's leave to serve a jury demand approximately two years after the deadline required by Rule 38(b) and only about two months before trial, and noting that mere inadvertence, without more, can in some circumstances be enough to constitute excusable neglect justifying relief under Rule 6(b)(2)); *Fokker Aerostructures, B.V. v. Am. Freight Lines, Inc.*, No. 02 CV 8324 (GBD), 2004 WL 1488378, at *2 (S.D.N.Y. July 1, 2004) (granting defendant's motion for an enlargement of time prompted by defendant's failure to respond timely to plaintiff's complaint).

The determination of what sort of neglect might be determined "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395, 113 S. Ct. at 1498; *Raymond*, 148 F.3d at 66. Relevant circumstances include prejudice to the other party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395, 113 S. Ct. at 1498; *Raymond*, 148 F.3d at 66. In addition, although "an attorney may not opt to pursue his or her own method of responding to a complaint and turn a blind eye to the statutory mandates . . . the Second Circuit has consistently expressed its

2

preference that disputes be resolved on their merits." *Fokker Aerostructures, B.V.*, 2004 WL 1488378, at *2.

Here, defendants respectfully submit that their failure to answer the Derivative Complaint in a timely fashion should be excused because: 1) Derivative Plaintiffs have suffered no prejudice and do not object to the instant motion; 2) Defendants have acted in good faith; and 3) Defendants have acted quickly to cure the error. *See Georgopolous v. Int'l Bhd. of Teamsters, AFL-CIO*, 164 F.R.D. 22, 23 (S.D.N.Y. 1995) (granting defendant's Rule 6(b)(2) motion because: 1) defense counsel acted quickly to cure the error; 2) defense counsel acted in good faith; and 3) plaintiffs suffered no prejudice and did not object to the motion).

## I.  Derivative Plaintiffs Have Suffered No Prejudice and Do Not Object to This Motion

Derivative Plaintiffs, through their attorneys, Wechsler Harwood LLP, do not object to this motion and have consented to Defendants' filing of their answer by August 16, 2006. Serio Decl. ¶ 6. Derivative Plaintiffs will not be prejudiced by Defendants' late filing of their answer, as the fact discovery period in this case was extended to January 31, 2007, and there is ample time for the Derivative Plaintiffs to complete any discovery necessitated by Defendants' answer. Moreover, during the period since this Court's June 14, 2006 Order and Decision, Defendants have been producing documents responsive to Derivative Plaintiffs' discovery requests, and both parties continue to cooperate and take steps toward a successful mediation of this case. In sum, the delay in the filing of Defendants' answer has not compromised Derivative Plaintiffs' litigation position in any way.

## II.  Defendants Have Acted In Good Faith

Defendants' inadvertent neglect to answer the Derivative Complaint in a timely fashion was in good faith. Under Rule 12(a)(4)(A), Defendants were required to serve their answer within ten days after notice of the Court's June 14, 2006 Order and Decision, or on or about June 26, 2006.

3

Prior to and during that time period, Defendants' counsel were heavily engaged in complying with the various discovery requests in this case and the consolidated multidistrict litigation. Serio Decl. ¶ 5. Defendants' failure to file their answer was entirely inadvertent and was not in any way a deliberate act, let alone one intended to impact the judicial proceedings in a way prejudicial to Derivative Plaintiffs. *Id.* Defendants' counsel have acted and will continue to act in good faith to address Derivative Plaintiffs' requests and comply to the best of our abilities with Orders of this Court and with the Federal Rules of Civil Procedure, Local Civil Rules, and Your Honor's Individual Practices.

### III.     Defendants Have Acted Quickly to Cure the Error

Defendants' discovery of their neglect occurred about six weeks after the required filing deadline and several months prior to the scheduled end of pretrial discovery. Defendants became aware of their error on August 9, 2006, and informed Derivative Plaintiffs' counsel on the morning of August 10, 2006. Serio Decl. ¶¶ 4, 6. Defense counsel sought to cure this error in a timely fashion, and obtained Derivative Plaintiffs' counsel's consent to allow Defendants to serve their answer by August 16, 2006. *Id.* ¶ 6.

4

**CONCLUSION**

For all these reasons, Defendants respectfully request that this Court grant Defendants' motion to extend the date by which Defendants must answer the Derivative Complaint to August 16, 2006. For the Court's convenience, Defendants have attached a Proposed Order granting this relief. Upon receiving the Court's permission, Defendants will immediately file their answer to the Derivative Complaint.

Dated:   August 11, 2006

Respectfully submitted,

*[signature]*

John A. Herfort (JH-1460)
Robert F. Serio (RS-2479)
J. Ross Wallin (JW-3911)

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Phone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants*

5