# Exhibit A

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rserio@gibsondunn.com

February 15, 2007

Direct Dial                                                                                              Client No.
(212) 351-3917                                                                                      T 94625-00001
Fax No.
(212) 351-5246

<u>VIA FACSIMILE</u>

Honorable Colleen McMahon                      Honorable George A. Yanthis
United States District Judge                        United States Magistrate Judge
United States Courthouse                            United States Courthouse
300 Quarropas Street, Room 533               300 Quarropas Street, Room 118
White Plains, New York 10601-4150        White Plains, New York 10601-4150

Re:   *In re Veeco Instruments Inc. Sec. Litig., 05 MD 1695 (CM)(GAY)*

Dear Judge McMahon and Magistrate Judge Yanthis:

We represent Defendants in the above-referenced action. We write in reply to Lead Plaintiff's letter to you of February 14, 2007, in which Lead Plaintiff proposes a wholesale abandonment of the Court-ordered discovery schedule, pursuant to which fact discovery is supposed to end on February 28, 2007 (as ordered by Judge McMahon on January 26, 2007). Plaintiff's request comes with just two weeks to go and weeks *after* the facts on which Plaintiff purports to rely came to their attention, and with three important depositions of busy executives (Veeco's CEO Mr. Braun, its CFO Mr. Rein, and its Corporate Controller Mr. Kiernan) scheduled to occur between today and February 28. Effectively, Plaintiff is yanking the tablecloth off the table and insisting on starting afresh with a new round of document discovery before any of those depositions occur. This is a classic example, in sports parlance, of a "late hit" and should not be permitted.

**There is No Justifiable Excuse for Plaintiff's Delay**

The causes of Plaintiff's request are mysterious, since they have proceeded in the last week with two depositions: t **REDACTED** ). In any event, Plaintiff's conduct has been inexplicably

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
February 15, 2007
Page 2

dilatory in terms of dealing with the issues that they purport to raise. With all respect, to grant their request would reward Plaintiff's counsel's utter refusal to adhere to a rational schedule.

### Plaintiff's Complaints About Document Production Are Pretextual and Could have been Raised Weeks Ago Without Compromising the Discovery Schedule

The complaint about Defendants' document production is a pretext. As Plaintiff is well aware, Defendants collected hard copy and electronic documents from dozens of custodians. Electronic documents, including emails, were collected by Veeco IT personnel and an outside firm employed by Defendants to assist in electronic discovery. Defendants ultimately reviewed approximately one million pages of documents as a result of this process, and produced approximately 181,000 pages. Over 95 % of those documents were produced before the end of August 2006 and most of the rest were produced before the early October 2006 mediation and the remainder were produced before any depositions.

The backup tape issue is a strawman. Veeco has taken appropriate steps to preserve its backup tapes. There was no secret that Defendants did not restore backup tapes in response to Lead Plaintiff's document request in light of the undue burden and expense such a process would necessarily entail. *See Cognex Corp. v. Electro Scientific Indus.*, 2002 WL 32309413, at *5 (D. Mass. July 2, 2002) (noting the absence of a "general duty" to search backup tapes). As Plaintiff and their counsel surely know, restoration of backup tapes is extremely burdensome, costly and time-consuming. Where backup tapes are produced, cost-sharing is often ordered. *See, e.g., Rowe Entertainment, Inc v. The William Morris Agency.*, 205 F.R.D. 421 (S.D.N.Y. 2002). That Defendants never asked Lead Plaintiff for cost-sharing was a clear indication to Lead Plaintiff from the outset that Defendants were not restoring and searching their backup tapes.

Plaintiff, as their letter admits, apparently became interested in the issue some weeks ago

**REDACTED**

mentioned searching backup tapes until January 30, 2007 (Exhibit A), which we told them in a February 2, 2007 letter (Exhibit B) was unduly burdensome and impractical because they had waited so long. Notwithstanding this clear difference of view, Plantiff did not file a motion and did not meet and confer. Instead, in a strong indication that it was not an important issue for them, on January 31, 2007, Plaintiff issued deposition notices (Exhibit C) for the CEO, CFO, and Corporate Controller for February 23, February 28, and February 15 respectively--dates that had been decided upon following protracted negotiations.

It is simply incomprehensible that Plaintiff proceeded with the deposition notices for February 15, 23, and 28 and then suddenly--weeks after they were aware of the backup tape issue-made an about-face and cancelled the depositions. This issue could have been raised weeks ago and there is no excuse for Plaintiff's delay. It is apparent that this is a tactic,

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
February 15, 2007
Page 3

regrettably familiar, to secure additional time in which to try to improve their case, which was filed in February 2005.

### Yesterday's Postponement of the Corporate Controller's Deposition

It is unfortunate that the lawyer who was scheduled to take Mr. Kiernan's deposition today could not do so either today, as originally scheduled, or tomorrow, February 16 (as we suggested) because of her husband's medical condition. What we did not understand was why the deposition could not proceed tomorrow given the availability of Ms. Parker, another experienced lawyer (graduating law school in 1996) on Plaintiff's team, who is very familiar with the case. In fairness, multiple factors need to be considered, including the Court-ordered discovery schedule, the schedules of the witnesses--which include the chief officers of a public company--and the availability of all counsel involved.

Thus, we respectfully request that the depositions proceed according to the schedule that is already in place. Although we would have preferred that Mr. Kiernan's deposition be taken today, as originally scheduled, we agreed to accommodate Plaintiff's request to move it. We have proposed that it be moved one day later, to Friday, February 16. Having Mr. Kiernan's deposition taken on February 16 would preserve Plaintiff's preferred order of witnesses and result in the minimal amount of inconvenience for all parties involved. Moreover, it would keep the February 28 discovery cut-off date intact, and thus help facilitate an expeditious resolution to this case. We request an immediate telephone conference if Your Honors believe it would be helpful.

Respectfully submitted,

Robert F. Serio

cc:   Carole A. Broderick, Esq.
      Sherrie R. Savett, Esq.
      Robert I. Harwood, Esq.
      Shane T. Rowley, Esq.
      Paul J. Scarlato, Esq.
      John A. Herfort, Esq.

100168178_2 (2).DOC

# EXHIBIT A

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

**PHYLLIS M. PARKER**

WRITER'S DIRECT DIAL | (215) 875-4647
WRITER'S DIRECT FAX | (215) 875-4674
WRITER'S DIRECT E-MAIL | pparker@bm.net

January 30, 2007

**Via E-mail**

Robert F. Serio, Esq.
J. Ross Wallin, Esq.
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

RE: *In re Veeco Instruments Secs. Litig.*
    Case No. 7:05-md-01695 (CM)

Dear Rob and Ross:

Birnbaum but not by you. Please immediately provide us with a written declaration concerning the search for emails, including searches of back up tapes, a description of the Company's procedures with respect to back-up tapes, and any efforts to retrieve deleted emails or other electronic information, in particular, emails and electronic information sent to or by or previously in the possession of the **REDACTED**

We would also like your explanation as to why the documents produced by Birnbaum were not produced by you, as well as an opportunity for our computer people to meet with your computer people to ascertain whether an adequate search for electronically stored information has been made.

If we cannot reach agreement on a procedure which will assure that we have obtained all relevant electronic documents and information, we will have no alternative but to seek relief from the Court. We request the courtesy of a response by the close of business Thursday, February 1, 2007.

Sincerely,

Phyllis M. Parker

cc: Sherrie R. Savett, Esq./Carole A. Broderick, Esq.
    Robert I. Harwood, Esq.

412846_01.wpd

# EXHIBIT B

# GIBSON, DUNN & CRUTCHER LLP
## LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rwallin@gibsondunn.com

February 2, 2007

Direct Dial
(212) 351-5395

Fax No.
(212) 351-6223

Client No.
T 94625-00001

<u>VIA EMAIL</u>

Phyllis M. Parker, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6305

Re:   *In re Veeco Instruments Inc. Sec. Litig.*, 05 MD 1695 (CM)(GAY)

Dear Phyllis:

    I write in response to your letter dated January 30, 2007. I am willing to provide you with a general description of the steps that we took to collect, identify and produce responsive documents.

    We collected hard copy and electronic documents from dozens of custodians. Electronic documents, including emails, were collected by Veeco IT personnel and an outside firm employed by Defendants to assist in electronic discovery. We filtered these documents through a broad list of search terms prior to our review of the documents for privilege and responsiveness. Defendants ultimately reviewed approximately one million pages of documents as a result of this process.

    Veeco does have backup tapes, which it has taken appropriate steps to preserve. We did not restore backup tapes in response to Lead Plaintiff's document request. *See Cognex Corp. v. Electro Scientific Indus.*, 2002 WL 32309413, at *5 (D. Mass. July 2, 2002) (noting the absence of a "general duty" to search back-up tapes). As I'm sure you realize, restoration of back-up tapes is extremely burdensome, costly and time-consuming. Moreover, the burden would be particularly acute here, given the high likelihood that many of the documents retrieved from the backup dates would be duplicative of the documents retrieved from other sources. For this reason, in cases where back-up tapes are produced, cost-sharing is routinely ordered. *See, e.g. Rowe Entertainment, Inc v. The William Morris Agency.*, 205 F.R.D. 421 (S.D.N.Y. 2002). If

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

GIBSON, DUNN & CRUTCHER LLP

Phyllis M. Parker, Esq.
February 2, 2007
Page 2

you wanted to pursue this path, and propose some sort of cost-sharing agreement, you should have done so at the beginning of discovery.

**REDACTED**

This fact is hardly remarkable given the volume of the documents reviewed and produced by Defendants in this case. Moreover, it does not indicate that the process described above for collecting and reviewing documents was unreasonable or that Defendants' document production is deficient.

**REDACTED**

Sincerely,

*Ross Wallin*

Ross Wallin

cc: Robert I. Harwood, Esq.
John A. Herfort, Esq.
Robert F. Serio, Esq.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.           :    Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                   :
---------------------------------------------------- x
---------------------------------------------------- x
THIS DOCUMENT RELATES TO                :
ALL ACTIONS                             :
---------------------------------------------------- x

**LEAD PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING DEPOSITIONS OF
GARY REIFERT, JOHN P. KIERNAN, ALEX J. FREDERICKS
<u>EDWARD H. BRAUN AND JOHN F. REIN, JR.</u>**

**TO:**   All Counsel on the attached service list:

**PLEASE TAKE NOTICE** that pursuant to, Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Lead Plaintiff's counsel will take oral depositions of each the below listed persons, before a Notary Public or some other qualified officer, commencing at the dates and times at the locations listed below. Notice is given pursuant to Rule 30(b)(2) that the deposition will be recorded by videotape and stenographic means.

You are invited to attend the depositions in accordance with the Federal Rules of Civil Procedure.

**Deponent**                              **Date/Time/Location**

**REDACTED**

**REDACTED**

Dated: January 31, 2007

BERGER & MONTAGUE, P.C.

By: _____
Sherrie R. Savett
Carole Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
Shoshana T. Savett
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, a true and correct copy of the foregoing Lead Plaintiff's Second Amended Notice of Depositions of **REDACTED** was served upon the following Counsel via electronic means:

John A. Herfort, Esq.
Robert J. Serio, Esq
J. Ross Wallin, Esq.
Colin R. Young, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Counsel for Defendants*

Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq.
Jennifer K. Hirsh, Esq.
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022

Nadeem Faruqi, Esq.
Shane T. Rowley, Esq.
Beth Keller, Esq.
FARUQI & FARUQI LLP
320 East 39th Street
New York, NY 10016

*Counsel for Derivative Plaintiffs*

Paul J. Scarlato, Esq.
Brian D. Penny, Esq.
GOLDMAN SCARLATO & KARON, P.C.
101 West Elm Street
Conshohocken, PA 19428

Robert B. Weiser, Esq.
THE WEISER LAW FIRM, P.C.
121 North Wayne Ave.
Wayne, PA 19087

*Counsel for Derivative Plaintiffs*

Marguerette N. Hosbach, Esq.
ERNST & YOUNG LLP
5 Times Square
New York, NY 10036

*Counsel for Ernst & Young, LLP*

_____
Phyllis M. Parker

3