UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.    :    Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION             :
---------------------------------------------------------- x
---------------------------------------------------------- x
THIS DOCUMENT RELATES TO          :
ALL ACTIONS                       :
---------------------------------------------------------- x

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO VACATE AND REVERSE THE DISCOVERY ORDER OF
MAGISTRATE JUDGE GEORGE A. YANTHIS SIGNED JANUARY 24, 2007
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72**

The testimony at depositions taken by Lead Plaintiff ("Plaintiff") since the filing of its motion to vacate and reverse the Magistrate's January 24, 2007 Order denying Plaintiff's motion to compel production of documents provides further evidence that, as Defendants admitted, the documents would have been prepared regardless of the prospect of litigation.[1] Therefore, as the Court of Appeals held in *United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998), Defendants cannot establish that the withheld documents qualify for work product immunity under Fed. R. Civ. P. 26(b)(3).

First, Defendant John P. Kiernan, the Controller and Vice President of Finance of Defendant Veeco Instruments, Inc. ("Veeco") testified that for the $800,000 Veeco spent on the

---

[1] Plaintiff will supply the relevant portions of the deposition testimony tomorrow, Thursday March 1, 2007.

1

"investigation," the Company got the ability to file its Annual Report on Form 10-K with the Securities and Exchange Commission ("SEC").[2]

Next Alex Fredericks, the Senior Manager for the Veeco account at Ernst & Young, LLP ("E&Y"), Veeco's auditor, testified that E&Y could not have issued a clean opinion of Veeco's financial statements unless they were satisfied that all of the errors in the financial records of Veeco's TurboDisc division had been corrected before E&Y's audit.

But, most incredibly, Defendant John F. Rein, Jr., on whose affidavit the Magistrate relied to deny Plaintiff's motion, testified that the work of Jefferson Wells International, Inc. enabled Veeco to obtain the opinion of E&Y on Veeco's 2004 financial statements which was necessary for Veeco to file its Form 10-K with the SEC.

In short, Mr. Rein's affidavit cannot support the Magistrate's decision.

In addition, the sole support for Defendants' argument that the documents would not have been prepared in the same form absent the prospect of litigation is the bold assertion in the affidavit of Defendant Rein which does not meet the standards for proof of work product protection in this Circuit. Moreover, Mr. Rein's deposition testimony demonstrated that this affidavit cannot be relied upon. Further, Defendants have provided no evidence as to how the correction of accounting records and TurboDisc would have differed absent an expectation of

---

[2] Defendants' contention that Plaintiff waived the argument that the documents are not entitled to work production protection because they were created to comply with a regulatory requirement is nonsensical. In its motion before the Magistrate Plaintiff both asserted that the documents were not entitled to protection under Rule 23(b)(3) and that the documents had to be created for Veeco to file its 2004 10-K – a regulatory requirement. Defendants argument amounts to an assertion that Plaintiff did not cite to the Advisory Committee Notes to the 1970 Amendment to Rule 23(b)(3). This is a frivolous argument.

litigation, and cannot do so since the manner in which the accounting records were corrected had to satisfy the needs of Veeco's accountant.

Furthermore, Defendants characterization of the law regarding work product protection for "dual purpose" documents is irrelevant – the operative question is whether the documents would have been prepared without the prospect of litigation and the answer is yes.

Notwithstanding that the documents are not entitled to work product protection, Plaintiff also has a substantial need for the documents. After deposing the key individuals involved with correction of the accounting errors at TurboDisc, Plaintiff has been unable to obtain information concerning the reasons for the accounting adjustments. Defendants stated in their 2004 10-K that the investigation into the accounting errors showed that the errors were caused by internal control deficiencies. However, Defendant Rein testified that he does not know of any Veeco documents that would describe these internal control deficiencies. This information is critical to Plaintiff's case. Even Veeco's accountant found the documents that have already been produced to Plaintiff unintelligible – hundreds of pages of unintelligible numbers does not permit Plaintiff to determine what caused the accounting errors at TurboDisc. Furthermore, Plaintiff has not received any information from depositions as to how Veeco's accounting errors were discovered. This information is necessary for Plaintiff to evaluate the problems with Veeco's disclosure controls during the Class period and for Plaintiff to prove that those disclosure controls were inadequate.

As a result, Plaintiff respectfully requests that the Court overturn the Magistrate's Order and compel Defendants to produce all documents withheld by Defendants described in Plaintiff's

Motion to Compel and to instruct non-parties to produce those documents that Defendants directed them to withhold.

Dated: February 28, 2007

**BERGER & MONTAGUE, P.C.**

By: /s/ Sherrie R. Savett

Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

***Lead Counsel for Lead Plaintiff and the Class***

413841.wpd