# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.          :    Case No.: 7:05-md-01695 (CM)
SECURITIES LITIGATION                  :
------------------------------------------------- x
------------------------------------------------- x
THIS DOCUMENT RELATES TO               :
ALL ACTIONS                            :
------------------------------------------------- x

### DECLARATION OF DONALD S. RICHARDS

Donald S. Richards, hereby declares as follows:

I, Donald S. Richards, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Director of Investigations having been employed in that position for the past three years by the law firm of Berger & Montague, P.C., lead counsel for Plaintiffs in this litigation.

2. I am a former Special Agent of the Federal Bureau of Investigation, having been employed by that agency for twenty-two (22) years.

3. I have conducted witness interviews for more than thirty-four (34) years.

4. I make this Declaration based on my personal knowledge. If called upon to testify I could and would competently testify to the matters set forth herein.

5. I had several conversations with Bruce J. Huff prior to the filing of the Amended Consolidated Complaint (the "Complaint") by Lead Plaintiff. I took contemporaneous notes of my conversations with Mr. Huff, transcribed them and provided written memoranda and oral reports concerning those conversations to Plaintiffs' counsel.

6. I have reviewed the transcript of Mr. Huff's deposition testimony on December 20, 2006. His testimony regarding the allegations in the Complaint addressed in his testimony directly contradicts what Mr. Huff told me during our conversations.

7. Contrary to Mr. Huff's deposition testimony in his December 20, 2006 deposition, the Complaint correctly reflects the substance of what Mr. Huff said directly to me. Moreover, in almost all, if not all cases, Mr. Huff made the statements reflected in the allegations in the Complaint in telephone conversations in which at least one other person participated. Certain of those statements were made on multiple occasions in multiple telephone conversations, including conversations in which as many as three other persons, in addition to myself and Mr. Huff, participated.

8. Among other information which Mr. Huff provided to me were (a) the information attributed to CW3 in paragraphs 59 and 60 of the Complaint; (b) the information attributed to CW3 in paragraphs 75-77 of the Complaint; and (c) the information attributed to CW3 in paragraph 71 of the Complaint.

9. Mr. Huff's deposition testimony that he contacted me to give me comments on the Complaint is false. Similarly, his testimony that I told him it was too late to change anything is false. Mr. Huff never told me that any statement in the Complaint was inaccurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 13th day of June, 2007.

_____
Donald S. Richards

412339_05.wpd

2