# EXHIBIT A

September 12, 2007                                                          Notice Administrator for U.S. District Court

Dear Investor:

You are listed as an investor in Veeco Instruments Inc. common stock. Enclosed is a notice about the settlement of a class action lawsuit called *In re Veeco Instruments Inc. Securities Litigation*. You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights. Important facts are highlighted below and explained in the notice.

---

### Veeco Instruments Inc. Securities Class Action Settlement

- **Security:** Veeco Instruments Inc. common stock (CUSIP: 922417100)

- **Time Period:** April 26, 2004 through February 10, 2005 (inclusive)

- **Settlement Amount:** $5.5 million in cash (estimated average recovery $.87 per share)

- **Reasons for Settlement:** Avoids costs and risks from continuing the lawsuit; pays money to investors like you; and releases Veeco from liability.

- **If the Case had not Settled:** There would have been a trial. The parties disagree on the liability and damages issues. (See Question 4 of the Notice for further explanation.)

- **Attorneys' Fees and Expenses:** Lawyers for investors will ask the Court for an award of attorneys' fees of 30% of the Settlement Fund, and, in addition, reimbursement of out-of-pocket expenses, including expert witness fees, in an amount not to exceed $775,000, which fees and expenses will affect the per share recovery by an estimated amount of $.39 per share. The attorneys' fees and expenses awarded by the Court will be paid separately out of the Settlement Fund, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- **Deadlines:**

  ☐ **Claims: December 3, 2007**

  ☐ **Exclusions: October 19, 2007**

  ☐ **Objections: October 19, 2007**

  ☐ **Court Hearing on Fairness of Settlement: November 2, 2007**

- **More Information:** www.hrsclaimsadministration.com or,

  | *Claims Administrator:* | *Lawyers for Investors:* |
  |---|---|
  | Veeco Instruments Inc. Securities Litigation | Sherrie R. Savett, Esq. |
  | Heffler, Radetich & Saitta LLP | Phyllis M. Parker, Esq. |
  | P.O. Box 59027 | Berger & Montague, P.C. |
  | Philadelphia, PA 19102-9027 | 1622 Locust Street |
  | | Philadelphia, PA 19103 |

Get more details in the enclosed Notice from the United States District Court for the Southern District of New York.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x
In re VEECO INSTRUMENTS INC. SECURITIES LITIGATION  :
———————————————————————— x    Case No.: 7:05-md-01695 (CM)(GAY)
THIS DOCUMENT RELATES TO ALL ACTIONS              :
———————————————————————— x

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED THE SECURITIES OF VEECO INSTRUMENTS INC. ("VEECO") BETWEEN APRIL 26, 2004 AND FEBRUARY 10, 2005 (INCLUSIVE) ("CLASS PERIOD"), YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a settlement fund of $5.5 million in cash, plus interest (the "Settlement Fund"), to pay claims of investors who suffered damages from buying Veeco securities between April 26, 2004 and February 10, 2005, inclusive. Lead Plaintiff for the class estimates that there were approximately 6.3 million shares of Veeco common stock purchased during the Class Period that may have been damaged. Lead Plaintiff estimates that if claims are filed on behalf of 100% of the damaged shares, then the settlement represents an estimated average recovery of $.87 per share of Veeco common stock. This recovery per share figure is an estimate and is before deduction of the cost of notice and administration of the settlement, attorneys' fees and out-of-pocket expenses, and reimbursement of costs and expenses to Lead Plaintiff for representation of the Class. Your actual recovery, if any, will vary depending on your purchase price and sale price, the dates of your purchase and/or sale and the number of shareholders that file Proof of Claim and Release forms. See Question 8 below for a more detailed explanation.

- Lead Plaintiff's Counsel intend to ask the Court to award them attorneys' fees of 30% of the Settlement Fund, along with reimbursement of out-of-pocket expenses, including expert witness fees, in an amount not to exceed $775,000. Lead Plaintiff's Counsel also intend to ask the Court to award reimbursement of costs and expenses to Lead Plaintiff, which expended considerable time and effort on the prosecution of this litigation and in the representation of the Class, in an amount not to exceed $16,089. If the Court awards 30% of the Settlement Fund as attorneys' fees, together with reimbursement of out-of-pocket expenses, the impact will affect the per damaged share recovery by an estimated amount of $.39 per share. Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for plaintiff's counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees.

The settlement resolves a lawsuit concerning whether, in the first three quarters of 2004, Veeco and certain of its officers misled investors by knowingly or recklessly misrepresenting and omitting material facts concerning the financial performance of Veeco as well as the Company's internal reporting financial and disclosure controls. The lawsuit alleges that as a result of these alleged misrepresentations, and omissions, the prices of Veeco securities during the Class Period were artificially inflated. The parties disagree on both liability and damages. The issues on which the parties disagree include (a) the amount by which the prices of Veeco securities were allegedly artificially inflated (if at all) during the Class Period; (b) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Veeco securities at various times during the Class Period; and (c) whether the statements made or facts allegedly omitted in violation of law were material or otherwise actionable under the federal securities laws. Lead Plaintiff's Counsel considered that there was a substantial risk that Lead Plaintiff and the Class might not have prevailed on all their claims and that there were risks that the decline in the price of Veeco securities could be attributed, in whole or in part, to other factors. Therefore, Lead Plaintiff and the Class could have recovered nothing or substantially less that the amount of the Settlement. The Defendants deny that they are liable to Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class have suffered any damages. Lead Plaintiff's Counsel believe this settlement is in the best interests of the Class considering the risks posed by further litigation. See Question 4 below for further explanation.

- **Your legal rights are affected whether you act, or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment from the Settlement Fund. |
| EXCLUDE YOURSELF | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against Veeco concerning the legal claims being released by this settlement. |
| OBJECT BUT REMAIN IN THE SETTLEMENT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | A hearing will be held on November 2, 2007 and is open to the public. To speak in Court, however, you need to give advance written notice to the Court and to the parties. |
| DO NOTHING | Receive no payment. Give up your right to object to the settlement, or any part of it, or to request exclusion from the settlement |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement, after appeals are resolved if any are filed, and after the claims are processed. Please be patient.

- Further information regarding this settlement may be obtained by contacting Lead Plaintiff's Counsel, Sherrie R. Savett, Esquire and Phyllis M. Parker, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, telephone (215) 875-3000.

WHAT THIS NOTICE CONTAINS

|  | Page |
|---|---|
| BASIC INFORMATION | 3 |
| 1. Why did I receive this notice package? | 3 |
| 2. What is this lawsuit about? | 3 |
| 3. Why is this a class action? | 4 |
| 4. Why is there a settlement? | 4 |
| WHO IS IN THE SETTLEMENT? | 5 |
| 5. How do I know if I am part of the settlement? | 5 |
| 6. Are there exceptions to being included? | 5 |
| 7. I'm still not sure if I am included. | 5 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET | 5 |
| 8. What does the settlement provide? | 5 |
| HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM | 5 |
| 9. How can I obtain a payment? | 5 |
| 10. When could I receive my payment? | 6 |
| 11. What am I giving up to receive a payment or stay in the Class? | 6 |
| EXCLUDING YOURSELF FROM THE SETTLEMENT | 6 |
| 12. How do I get out of the Settlement? | 6 |
| 13. If I don't exclude myself, can I sue the Defendants for the claims being released in this settlement? | 7 |
| 14. If I exclude myself, can I obtain money from this settlement? | 7 |
| THE LAWYERS REPRESENTING YOU | 7 |
| 15. Do I have a lawyer in this case? | 7 |
| 16. How will the lawyers be paid? | 7 |
| OBJECTING TO THE SETTLEMENT | 7 |
| 17. How do I make any objections I may have to the settlement? | 7 |
| 18. What is the difference between objecting to the settlement and requesting exclusion from the settlement? | 8 |
| THE COURT'S FAIRNESS HEARING | 8 |
| 19. When and where will the Court decide whether to approve the settlement? | 8 |
| 20. Do I have to come to the hearing? | 8 |
| 21. May I speak at the hearing? | 8 |
| IF YOU DO NOTHING | 8 |
| 22. What happens if I do nothing at all? | 8 |
| GETTING MORE INFORMATION | 8 |
| 23. Are there more details about the settlement? | 8 |
| 24. How do I get more information? | 8 |
| UNDERSTANDING YOUR PAYMENT—THE PLAN OF ALLOCATION | 9 |
| SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES | 11 |
| INQUIRIES | 11 |

## BASIC INFORMATION

### 1. Why did I receive this notice package?

The Court authorized this notice to be sent to you because you or someone in your family may have purchased Veeco securities between April 26, 2004 and February 10, 2005 (inclusive) (the "Class Period"). The Court in charge of the case is the United States District Court for the Southern District of New York and the case is known as *In re Veeco Instruments Inc. Securities Litigation*, Case No. 7:05-md-01695 (CM)(GAY). The people who brought suit are called Lead Plaintiff. Lead Plaintiff and Class Representative is Steelworkers Pension Trust ("Steelworkers"). The company and individuals they sued—Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr., John P. Kiernan, and R. Michael Weiss—are called the Defendants. A prior notice advising you about this lawsuit was mailed to potential class members on June 1, 2007 and a summary notice about this lawsuit was published in the *Wall Street Journal* on June 8, 2007.

The Court authorized this notice to be sent to you because you have a right to know about the proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and resolves any objections that may be filed in opposition to the settlement, as explained below, and if any appeals are resolved, then an administrator appointed by the Court will distribute the payments that the settlement permits. You may track the progress of the settlement by visiting www.hrsclaimsadministration.com. **This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to obtain them.**

### 2. What is this lawsuit about?

The lawsuit claims that Defendants issued false and misleading statements in Veeco's financial reports for the first, second and third quarters of 2004 (which the Company was forced to restate shortly after the Class Period) as well as in related press releases and during investor conference calls. The lawsuit also claims that certain of the Individual Defendants also issued false and misleading certificates of compliance with the Sarbanes-Oxley Act.

Specifically, the lawsuit claims that Veeco's financial statements, and Defendants' other public statements during the Class Period, overstated Veeco's pre-tax earnings by $10.2 million and concealed the unprofitability and true profit margins and accounting improprieties of Veeco's TurboDisc business, and that Defendants' public statements concealed the fact that TurboDisc had deficient or absent financial controls and that Veeco's financial statements could not be relied on by the investing public. The lawsuit alleges that Defendants concealed these facts, and failed to correct prior false statements made to the public, during the Class Period, and that these facts were first disclosed to the public on the morning of February 11, 2005. This lawsuit alleges that upon the announcement of this previously undisclosed material information, the price of Veeco stock dropped by more than 10%, thereby causing damages to Lead Plaintiff and the other members of the Class.

This lawsuit began on February 15, 2005, when the first of several class action lawsuits was filed in the Southern District of New York against Veeco Instruments Inc., Edward H. Braun and John F. Rein, Jr. Additional complaints were filed thereafter and assigned to the Honorable Colleen McMahon for consolidated pretrial proceedings. By Order dated October 12, 2005, the Court appointed Steelworkers as Lead Plaintiff and Berger & Montague, P.C. as Lead Counsel for the Class.

The Consolidated Amended Class Action Complaint (the "Complaint") filed on November 7, 2005 by Lead Plaintiff on behalf of the Class named additional Defendants John P. Kiernan and R. Michael Weiss. Defendants filed a motion to dismiss the Complaint on December 2, 2005. After extensive briefing, the Court denied Defendants' motion to dismiss in an Order dated March 21, 2006.

On November 7, 2005, Lead Plaintiff moved for certification of the Class. After depositions and extensive briefing, the Court granted Lead Plaintiff's motion and certified the Class by an Order dated March 21, 2006. The parties also engaged in extensive motion practice, in addition to the motion to dismiss and the class certification motion.

The parties also engaged in extensive fact discovery. Lead Plaintiff reviewed hundreds of thousands of pages of documents produced by Defendants and 26 third-parties, including Veeco's auditor Ernst & Young, Veeco's suppliers and customers, and investment analysts who covered Veeco during the Class Period. Lead Plaintiff conducted ten depositions, including the depositions of Individual Defendants Braun, Rein and Kiernan, and three Ernst & Young partners involved in auditing Veeco's financial statements before and during the Class Period. The parties also engaged in interrogatory discovery, and served and responded to interrogatories and requests for admission. In addition, the parties also conducted expert discovery, including exchanging expert reports of their respective accounting and damages experts, and conducting expert depositions.

The parties also completed preparation for trial, including filing and responding to numerous motions *in limine* (motions to exclude evidence), preparation of jury instructions, factual contentions and deposition designations and participating in a final pre-trial conference with the Court on June 28, 2007 in anticipation of the trial that was scheduled to commence on July 9, 2007.

The merits of the case and the issue of damages are sharply disputed. Defendants have denied and continue to deny each claim and contention alleged against them. Defendants have asserted at all times that they acted diligently to ensure that Veeco's financial statements were accurate, that the Company's disclosure controls were adequate, that the Company's testing, disclosures and other actions concerning its internal controls complied fully with applicable laws and regulations. Defendants have also asserted at all times that they acted diligently to detect any accounting errors and internal control deficiencies and that they disseminated information on those subjects to the public at the appropriate times. Defendants have also denied that they acted with the state of mind required for liability under the federal securities laws. Further, Defendants assert that if they were found liable the amount of the damages suffered by Lead Plaintiff and the Class Members, if any, is extremely limited.

Lead Plaintiff recognizes that both the merits of the action and the amount of damages are sharply disputed, and that a jury might find that the Defendants did not violate the securities laws, or did not cause damages, or that the damages were much less than those asserted by Lead Plaintiff.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Steelworkers Pension Trust) sue on behalf of persons who have similar claims. All these persons and/or entities are referred to collectively as a Class, and are referred to individually as Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of Lead Plaintiff and the Class or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the lawsuit. The parties retained the Honorable Nicholas H. Politan, United States District Judge (retired), as the mediator for this action. The settlement was the product of extensive arms-length negotiations, with the assistance of this respected mediator.

Lead Plaintiff has agreed to settle the lawsuit based on the risks that would be involved in a trial, and its conclusion that the proposed settlement is fair, reasonable and adequate, and serves the best interests of the Class Members. Counsel for Lead Plaintiff have determined that by settling, the cost and risks of a trial will be avoided, while at the same time providing substantial compensation to the Class. Lead Plaintiff and Lead Plaintiff's Counsel believe that the settlement is best for all Class Members.

As described above, Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff was to prevail on each claim asserted. The issues on which the parties disagree include: (1) whether Defendants made any false and misleading statements; (2) whether the statements made were materially false when made, or otherwise actionable under the federal securities laws; (3) whether, and at what point in time, Defendants had a duty to correct any prior false and misleading statements; (4) whether Defendants made any false and misleading statements with the requisite intent; (5) the appropriate economic model for determining the amount by which the price of Veeco securities were allegedly artificially inflated (if at all) during the Class Period; (6) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading (if at all) influenced and artificially inflated (if at all) the trading price of Veeco securities at various times during the Class Period; (7) the extent to which external factors, such as general market conditions, influenced the trading price of Veeco securities at various times during the Class Period; and (8) whether, and to what extent, factors, other than the misrepresentations that Lead Plaintiff alleged, caused Veeco's stock price to drop on February 11, 2005.

Although Lead Plaintiff's Counsel were prepared to go to trial, and were confident in the merits of their case, Lead Plaintiff's Counsel recognize that trial is a risky proposition and Lead Plaintiff and the Class may not have prevailed on all of their claims. In addition, Lead Plaintiff's Counsel believe that this settlement provides a substantial recovery to the Class Members, and believe that they may not have obtained a greater recovery even if the case had gone to trial.

Defendants continue to deny liability, and deny that Lead Plaintiff and the Class Members were damaged. These disputes regarding both the merits of the Action and the damages would be subject to expert testimony, and, therefore, it would be impossible to predict with certainty which of the parties' arguments would find favor with the jury. In a trial, Lead Plaintiff could have recovered nothing or substantially less than the amount of the settlement. Further, even assuming that Lead Plaintiff could have won at trial, any verdict would inevitably be the subject of appeal, and the recovery to Class Members would have remained uncertain and been further delayed.

## Who Is In The Settlement?

### 5. How do I know if I am part of the settlement?

Judge McMahon decided that everyone who fits the following description is a Class Member: All persons who purchased Veeco securities between April 26, 2004 and February 10, 2005, inclusive (the "Class Period"). Judge McMahon also decided that Class Members who purchased Veeco stock during the Class Period which they either sold at a profit or retained past the point after the Class Period when the price of Veeco stock recovered to the price paid by them were not damaged by Defendants' alleged misrepresentations. See Question 6 for more information.

### 6. Are there exceptions to being included?

You are not a Class Member if you are a Defendant in this lawsuit. The Class also excludes members of the immediate family of each of the Individual Defendants, any parent, subsidiary, officer or director of Veeco, any entity in which any excluded person had a controlling interest, the legal representatives, heirs, successors and assigns of any excluded person. See Question 5 for more information.

Also, if you exclude yourself from the Class, as described below, or if you already excluded yourself after you received an earlier notice in this case, you are not a part of the Class. If one of your mutual funds owns Veeco securities, that alone does not make you a Class Member. You are a Class Member only if you purchased Veeco securities during the Class Period. Contact your broker to see if you hold or held Veeco securities on February 10, 2005.

To be a Member of the Class, you must have purchased Veeco securities during the Class Period. The U.S. Supreme Court has interpreted the federal law that forms the basis of the lawsuit as limiting damages to persons who sustained losses caused by the revelation of previously withheld information. As a practical matter, this means that only Members of the Class who held positions in Veeco securities at the close of business on February 10, 2005 may have sustained damages. If you did not hold any position in Veeco securities at the close of business on February 10, 2005, you were not "damaged" under the federal securities laws and cannot recover any money in this Action. In addition, see Question 5, above.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included in the Class, you may ask for free help by calling 1-800-768-8450 for more information. Alternatively, you may fill out and return the claim form attached to this notice, described in Question 9, to see if you qualify.

## The Settlement Benefits—What You Get

### 8. What does the settlement provide?

The terms of the proposed settlement are summarized below, and the full settlement terms are contained in a Stipulation of Settlement (the "Stipulation") dated August 16, 2007. You can obtain a copy of the Stipulation by writing to Lead Plaintiff's Counsel: Sherrie R. Savett, Esquire and Phyllis M. Parker, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA, 19103-6365, Telephone: 215-875-3000 or by visiting www.hrsclaimsadministration.com.

The proposed settlement calls for Defendants to create a Settlement Fund in the amount of $5.5 million in cash. Lead Plaintiff estimates that the average recovery per damaged share of Veeco common stock is $.87 per share before the accrual of interest, the payment of taxes on accrued interest, and the deduction of Court-awarded attorneys' fees and out-of-pocket expenses, costs of notice and claims administration, and reimbursement of costs and expenses for Lead Plaintiff's representation of the Class. If you are a Class Member, you may receive more or less than this average amount depending on: 1) the number of valid claims submitted; 2) the price paid for the securities; 3) whether you sold your securities; and 4) the date and amount you received upon sale. For purposes of the settlement, your distribution from the Net Settlement Fund (the Settlement Fund plus interest-earned less taxes owed, costs of notice and claims administration, attorneys' fees and out-of-pocket expenses as awarded by the Court, and reimbursement of costs and expenses for Lead Plaintiff's representation of the Class awarded by the Court) will be governed by the proposed Plan of Allocation described in this notice, or such other Plan of Allocation as may be approved by the Court.

## How You Get A Payment—Submitting A Claim Form

### 9. How can I obtain a payment?

To qualify for payment, you must submit a claim form ("Proof of Claim") to the Claims Administrator. A claim form is attached to this notice. You may also obtain a claim form on the Internet at www.hrsclaimsadministration.com. Read the instructions carefully, fill out the form, include all the required documents, sign it, and mail it to the address provided, postmarked no later than December 3, 2007 to the Claims Administrator as follows:

Veeco Instruments Inc. Securities Litigation
Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027

Questions? Call 1-800-768-8450 Toll Free, or Visit www.hrsclaimsadministration.com

The Claims Administrator will process your claim and advise you if you are an "Authorized Claimant"—meaning that your claim satisfies the requirements approved by the Court.

### 10. When could I receive my payment?

The Court will hold a hearing on November 2, 2007 to decide whether to approve the settlement. Even if Judge McMahon approves the settlement, it may take more than a year before the Settlement Fund is distributed to the Class Members because there may be appeals that would delay the implementation of the settlement and resolving the appeals can take time, which can exceed a year. The other reason that it may take more than a year for the Settlement Fund to be distributed is that once the settlement has been approved, and any appeals are resolved, the Claims Administrator must process all of the Proof of Claim forms. The processing by itself is a very complicated process and will take many months.

Please be patient. You may track the progress of the settlement by visiting www.hrsclaimsadministration.com.

### 11. What am I giving up to receive a payment or stay in the Class?

Unless you exclude yourself by following the procedures outlined below, you will remain in the Class. That means that, upon the Effective Date, you will release all Settled Claims, against all Released Parties (as defined below). It also means that all of the Court's orders will apply to you and legally bind you.

"Released Parties" means Defendants named in the Action, including their predecessors, successors, subsidiaries, affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants, advisors and the heirs, executors, administrators, predecessors, successors, representatives or assigns of the foregoing.

"Settled Claims" shall mean all claims, debts, demands, rights or causes of action or liabilities whatsoever by Lead Plaintiff, on its own behalf and on behalf of the Class, against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by Lead Plaintiff or the Class Members against any of the Released Parties, (ii) that have been or could have been asserted in any forum by Lead Plaintiff or the Class Members against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, holding or sale of Veeco publicly-traded securities during the Class Period, or (iii) that have been or could have been asserted in this Action or any forum by the Class Members or any of them against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action.

"Unknown Claims" means any and all Settled Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

#### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive a payment from this settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or is sometimes referred to as opting out of the Class.

### 12. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *In re Veeco Instruments Inc. Securities Litigation*, Case No.: 7:05-md-01695 (CM)(GAY). Be sure to include your name, address, telephone number, proof of the number of shares you purchased and sold during the Class Period, and your signature. Your exclusion request must be postmarked no later than October 19, 2007 and sent to the Claims Administrator as follows:

Veeco Instruments Inc. Securities Litigation<br>
Heffler, Radetich & Saitta LLP<br>
P.O. Box 59027<br>
Philadelphia, PA 19102-9027

QUESTIONS? CALL 1-800-768-8450 TOLL FREE, OR VISIT WWW.HRSCLAIMSADMINISTRATION.COM

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

### 13. If I don't exclude myself, can I sue the Defendants for the claims being released in this settlement?

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the Class to bring or to continue your own lawsuit. Remember, the exclusion deadline is October 19, 2007.

### 14. If I exclude myself, can I obtain money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, if you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court appointed the law firm of Berger & Montague, P.C. to represent you and other Class Members. This law firm is called Lead Plaintiff's Counsel or Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of a settlement fund as their attorneys' fees and reimbursement of their out-of-pocket expenses. Therefore, Lead Plaintiff's Counsel will file a motion asking the Court at the Fairness Hearing (see Question 19, below) to make an award of attorneys' fees in an amount of thirty percent (30%) of the Settlement Fund and reimbursement of litigation expenses, including expert witness fees, not to exceed $775,000. The Court may award less than these amounts. These amounts will come out of the Settlement Fund. Defendants have stated that they take no position regarding these fees and expenses. If the Court awards 30% of the Settlement Fund as attorneys' fees and reimbursement of out-of-pocket expenses in an amount not to exceed $775,000, it will affect the per damaged share recovery by an estimated amount of $.39 per share. In addition, the Class Representative will seek up to a total of $16,089 in payment of its costs and expenses, which, if approved by the Court, will be paid from the Settlement Fund. Defendants also have stated that they take no position regarding this request. The Court may award less than these amounts, and any amounts awarded by the Court will be paid out of the Gross Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 17. How do I make any objections I may have to the settlement?

If you are a Class Member, you may object to the settlement, any part of the settlement, or the request for attorneys' fees and reimbursement of expenses. You may state why you think the Court should not approve any part of the Settlement. The Court will consider your views. To object, you must send a written objection stating that you object to the Settlement in *In re Veeco Instruments Inc. Securities Litigation*, Case File No.: 7:05-md-01695 (CM)(GAY). Be sure to include your name, address, telephone number, your signature, proof of the number of Veeco securities that you purchased and sold during the Class Period, and the reasons why you object to the Settlement or any part of the Settlement. Be sure to mail the objection to each of the three places stated below, postmarked no later than October 19, 2007:

| COURT | LEAD PLAINTIFF'S COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007-1312 | Sherrie R. Savett, Esquire<br>Phyllis M. Parker, Esquire<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103 | John A. Herfort, Esquire<br>Robert F. Serio, Esquire<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166 |

QUESTIONS? CALL 1-800-768-8450 TOLL FREE, OR VISIT WWW.HRSCLAIMSADMINISTRATION.COM

**18. What is the difference between objecting to the settlement and requesting exclusion from the settlement?**

Objecting is simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Class. By excluding yourself from the settlement, you are stating that you don't want to be part of the Class. If you exclude yourself from the settlement, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak.

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at 9:00 a.m. on November 2, 2007, at the United States District Court for the Southern District of New York, Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge McMahon will listen to Class Members (or their counsel) who have submitted written objections and written indication(s) of their intention to appear and speak at the hearing, as long as they are postmarked no later than October 19, 2007 and mailed to the three different places listed in the chart following Question 17, above. The Court may also decide how much to award Lead Plaintiff's Counsel for attorneys' fees and expenses and how much to award the Class Representative for reimbursement of its costs and expenses for representation of the Class. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Lead Plaintiff's Counsel will answer questions Judge McMahon may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend to speak in support of any written objection that you mailed on time, but it is not necessary. You may do so as long as you have followed the instructions set forth in the answer to Question 21, below.

**21. May I speak at the hearing?**

If you are a Class Member and have submitted a written objection to the Settlement or the motion of Lead Plaintiff's Counsel for attorneys' fees and expenses and follow the instructions set out in response to Questions 17 and 19 above, you (or your counsel) may speak at the Fairness Hearing in support of your objection. To do so, along with your written objection, you must send a letter stating that it is your "Notice of Intention to Appear in *In re Veeco Instruments Inc. Securities Litigation*, Case File No.: 7:05-md-01695 (CM)(GAY)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than October 19, 2007, and be sent to the Clerk of the Court, Lead Plaintiff's Counsel, and Defense Counsel, at the addresses listed in Question 17. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you will not receive any money from the Settlement. But if you are a Member of the Class, unless you exclude yourself from the Settlement, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**23. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Stipulation. You may obtain a copy of the Stipulation by writing to Sherrie R. Savett, Esquire and Phyllis M. Parker, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103 or by visiting www.hrsclaimsadministration.com.

**24. How do I get more information?**

You may call 1-800-768-8450 toll free; write to the Claims Administrator, *Veeco Instruments Inc. Securities Litigation*, Heffler, Radetich & Saitta LLP, P.O. Box 59027, Philadelphia, PA 19102-9027; or visit the website at www.hrsclaimsadministration.com where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

* * * * *

### UNDERSTANDING YOUR PAYMENT—THE PLAN OF ALLOCATION

**(You do not need to make any of these calculations yourself.
The Claims Administrator will make all of these calculations for you.)**

1. The $5,500,000 cash settlement amount and the interest earned thereon shall be the "Gross Settlement Fund." The Gross Settlement Fund plus interest, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

2. The Net Settlement Fund will be allocated among the Authorized Claimants in accordance with this "Plan of Allocation." The amount so allocated to each Authorized Claimant constitutes and is referred to herein as the Authorized Claimant's "Payable Claim." The Plan of Allocation is based upon Lead Plaintiff's Counsel's assessment of the merits and relative strengths and weaknesses, including recoverable damages, of the claims of the Members of the Class.

3. The Payable Claim will be calculated so that each Authorized Claimant shall receive, on a proportionate basis, that share of the Net Settlement Fund that the Authorized Claimant's Recognized Loss (as defined below) bears to the total Recognized Losses of all Authorized Claimants, subject to the further provisions of this Plan of Allocation set forth below.

4. The formula for Recognized Loss is based on the decline in the price of Veeco stock following the announcement prior to the opening of the market on February 11, 2005 that the Company expected to restate its financial statements for the first three quarters of 2004. The maximum damage that any Class Member suffered is set at $3.75/share, based on the drop in the price of Veeco common stock in the four trading days following that disclosure of accounting irregularities on February 11, 2005. Further, the Court ruled, on June 28, 2007, that no damages may be attributable to Defendants' alleged misrepresentations where a Class Member either sold his shares after the Class Period for a profit or held his shares of Veeco common stock past the point at which the price of Veeco common stock first recovered to the price at which the shares were purchased. The Plan of Allocation takes into consideration that (1) on February 17, 2005, Veeco common stock traded at $15.11 per share, (2) on August 3, 2005, Veeco common stock traded at $21.52 per share, (3) on April 21, 2006, Veeco common stock traded at $25.17 per share, and (4) on May 9, 2006, Veeco common stock traded at a price equal to, or greater than, any price at which Veeco common stock traded at during the Class Period. The Plan of Allocation takes into consideration the prices at which Veeco common stock traded on these dates and limits the Recognized Loss of Authorized Claimants accordingly.

5. An Authorized Claimant's Recognized Loss is determined by the date(s) the Authorized Claimant purchased or sold any of Veeco's securities. For shares of Veeco's common stock that were purchased on the open market from April 26, 2004 to February 10, 2005, inclusive, the Recognized Loss is as follows:

(a) for shares of Veeco's common stock sold at a loss between February 11, 2005 and August 2, 2005, inclusive, the Recognized Loss shall be the *smaller* of (1) the difference between the purchase price and the sale price, or (2) the difference between the purchase price and $15.11, or (3) $3.75/share;

(b) for shares of Veeco's common stock sold at a loss between August 3, 2005 and April 20, 2006, inclusive, the Recognized Loss shall be the *smaller* of (1) the difference between the purchase price and the sale price, or (2) the difference between the purchase price and $21.52, or (3) $3.75/share;

(c) for shares of Veeco's common stock sold at a loss between April 21, 2006 and May 8, 2006, inclusive, the Recognized Loss shall be the *smaller* of (1) the difference between the purchase price and the sale price, or (2) the difference between the purchase price and $25.17, or (3) $3.75/share;

(d) for shares of Veeco's common stock sold before February 11, 2005, the Recognized Loss shall be zero; and

(e) for shares of Veeco's common stock held at the close of trading on May 8, 2006, the Recognized Loss shall be zero.

6. General Provisions Applicable to the Plan of Allocation:

(a) For purposes of determining when shares of Veeco common stock purchased during the Class Period were sold, purchases and sales of Veeco shares will be matched, on a "first-in, first-out" ("FIFO") basis, by matching the first shares sold against any shares held as of April 23, 2004 (the last trading day prior to the start of the Class Period) and then on a FIFO basis against any additional shares purchased during the Class Period on the basis of the assumption that the first share purchased was the first share sold. Any sale of Veeco shares, dur-

QUESTIONS? CALL 1-800-768-8450 TOLL FREE, OR VISIT WWW.HRSCLAIMSADMINISTRATION.COM

ing or after the Class Period, that results in a gain shall have Recognized Loss of zero and the gain will not be deducted from an Authorized Claimant's Recognized Loss on Veeco shares that, on a FIFO basis, were purchased during the Class Period and sold for a loss during or after the Class Period.

(b) The price per share, paid or received, shall be exclusive of all commissions, taxes and fees.

(c) The date of purchase or sale of Veeco securities is the "contract" or "trade" date as distinguished from the "settlement" date.

(d) In the interest of economy, no payment will be made on any claims where the Payable Claim from the Net Settlement Fund would be less than $20, but the Authorized Claimant will otherwise be bound by the final judgment entered by the Court.

(e) If you inherited or received a gift of Veeco securities during the Class Period, that inheritance or gift is not considered a purchase of Veeco securities unless your ancestor or donor was the actual purchaser of Veeco securities during the Class Period. You, as a recipient of a gift or inheritance, and the original purchaser may not both file a claim with regard to the same Veeco securities. If both you and the donor (or you and your ancestor's estate) make such a claim, only the claim filed by the recipient (or heir) will be honored.

(f) Shares "transferred into", "delivered into" or "received into" the Authorized Claimant's account, will not be considered as a purchase of shares unless the Authorized Claimant submits documentation demonstrating that the original purchase of these shares occurred during the Class Period. Also, shares purchased and subsequently "transferred out" or "delivered out" of the Authorized Claimant's account will not be considered part of the Authorized Claimant's claim, as the right to file for those shares belongs to the person or party receiving the shares.

(g) The restrictions on computing Recognized Losses set out in the three bullet points below apply to all claims. As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional Authorized Claimants:

- "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in Veeco securities engaged in by market makers or specialists.

- No Recognized Loss will be computed for any option premium paid or received where the Veeco securities were purchased or sold by reason of having exercised or been assigned an option.

(h) Nothing in the Plan of Allocation represents an admission by any of the Defendants that there is liability or damage of any kind as a result of the allegations in the Complaint or that the dollar amounts set forth in the Plan of Allocation reflect actual or potential damages to the Class.

(i) Payment in the manner set forth above will be deemed conclusive compliance with the Stipulation as to all Authorized Claimants. All Members of the Class who fail to submit valid and timely Proofs of Claim will be barred from participating in the distribution of the Net Settlement Fund but otherwise will be bound by all of the terms of the Stipulation, including the terms of any final orders or judgments entered and the releases given to Defendants and others.

(j) No Authorized Claimant shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other agent designated by Lead Plaintiff's Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation, and further orders of Court. In addition, in the interest of achieving substantial justice, Lead Plaintiff's Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such fund shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $20 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by the Lead Plaintiff's Counsel.

Lead Plaintiff, Defendants, their respective counsel and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claim Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Veeco securities during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (a) send a copy of this Notice and the accompanying Proof of Claim and Release by first-class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator as follows:

*Veeco Instruments Inc. Securities Litigation*
Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027

If you chose option (a) above, you may request enough forms from the Claims Administrator (at no charge) to complete your mailing. You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to approval of Lead Plaintiff's Counsel or the Court. All communications concerning this matter should be addressed to the Claims Administrator.

### INQUIRIES

All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to the Claims Administrator as follows:

*Veeco Instruments Inc. Securities Litigation*
Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

Dated: September 12, 2007                    By Order of the District Court:

                                             _____
                                             Colleen McMahon, U.S.D.J.

[THIS PAGE INTENTIONALLY LEFT BLANK]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
In re VEECO INSTRUMENTS INC. SECURITIES LITIGATION :
---------------------------------------------------------- X
THIS DOCUMENT RELATES TO ALL ACTIONS : Case No.: 7:05-md-01695 (CM)(GAY)
---------------------------------------------------------- X

### PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: DECEMBER 3, 2007.

IF YOU PURCHASED SECURITIES[1] OF VEECO INSTRUMENTS INC. ("VEECO") BETWEEN APRIL 26, 2004 AND FEBRUARY 10, 2005, INCLUSIVE, ("CLASS PERIOD"), YOU MAY BE A "MEMBER OF THE CLASS" ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE: (1) THE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF EACH OF THE INDIVIDUAL DEFENDANTS, ANY PARENT, SUBSIDIARY, AFFILIATE, OFFICER OR DIRECTOR OF VEECO, ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, AND ASSIGNS OF ANY EXCLUDED PERSON, AND (2) THE PERSONS AND/OR ENTITIES WHO PREVIOUSLY EXCLUDED THEMSELVES FROM THE CLASS BY FILING A REQUEST FOR EXCLUSION IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION OR THE NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION).

IF YOU ARE A MEMBER OF THE CLASS, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST-CLASS MAIL, POSTMARKED NO LATER THAN DECEMBER 3, 2007 TO THE FOLLOWING ADDRESS:

*Veeco Instruments Inc. Securities Litigation*
Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027

YOUR FAILURE TO SUBMIT YOUR CLAIM BY DECEMBER 3, 2007 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**PART I: CLAIMANT'S STATEMENT**

1. I affirm that I purchased securities of Veeco between April 26, 2004 and February 10, 2005, inclusive, as listed herein. (Do not submit this Proof of Claim if you did not purchase Veeco securities during this period).

2. By submitting this Proof of Claim, I state that I believe in good faith that I am a Member the Class as defined above and in the Notice of Proposed Settlement of Class Action (the "Settlement Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Settlement Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Settlement Notice; and that I have not previously submitted a request for exclusion. (If you are acting in a representative capacity on behalf of a Member of the Class (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4. I have set forth where requested below all relevant information with respect to each purchase of Veeco securities during the Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including transactions in other Veeco securities) to the Claims Administrator to support this claim if requested to do so.

---

[1] This claim form concerns purchases of Veeco common stock. If, during the Class Period, you purchased another type of security issued by Veeco, you should provide the Claims Administrator with information and documents, similar to that required herein for transactions in Veeco common stock, sufficient to identify yourself as well as each purchase, sale or retention of such securities.

1

5. I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Veeco securities listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7. I hereby acknowledge that, as a Member of the Class, I (or the person or entity for whom or which I am executing this Proof of Claim) will be bound by the terms of the Stipulation and Order and Final Judgment in this action and, to the full extent set forth in the Stipulation, upon the Effective Date will have granted a release of all "Settled Claims" to all "Released Parties" on behalf of myself (or on behalf of the Member for whom or which I submit this Proof of Claim) and my (or such Member's) heirs, agents, executors, administrators, beneficiaries, predecessors, successors and assigns.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files in the required file layout. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-800-768-8450 or visit **www.hrsclaimsadministration.com** to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**PROOF OF CLAIM**
Must be Postmarked No Later Than: December 3, 2007
**Please Type or Print**

**PART I: CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Joint Owner's Name (First Middle, Last)

If you are a bank or other institution filing on behalf of a third-party, and an account number is needed to identify the claimant for your records, indicate account number here: _____.

Street Address

City        State        Zip Code

Foreign Province        Foreign Country

Area Code    Telephone Number (Day)        Area Code    Telephone Number (Evening)        Area Code    Facsimile Number

E-Mail Address

Social Security Number: ☐☐☐-☐☐-☐☐☐☐    OR    Taxpayer Identification Number: ☐☐-☐☐☐☐☐☐☐

Check appropriate box:

☐ Individual   ☐ Corporation   ☐ Joint Owners   ☐ IRA   ☐ Trust   ☐ Estate   ☐ Other _____ (specify)

Record Owner's Name (If different from Beneficial Owner list above)

**Market Maker or Specialist**

I was ☐/I was not ☐ a Market Maker or a Specialist in Veeco common stock during the Class Period.

2

**PART II: SCHEDULE OF TRANSACTIONS IN VEECO COMMON STOCK**

Separately list each of your purchases or sales of Veeco common stock below. Photocopy this page if more space is needed. **Be sure to include and sign your name and the last four digits of your Social Security number or Tax ID number on any additional sheets.** The dates of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

9. **BEGINNING HOLDINGS:** At the end of the day on April 23, 2004, I owned the following shares of Veeco common stock. (If none, write "zero" or "0") (If other than zero, must be documented). _____

10. **PURCHASES:** I made the following purchases of Veeco common stock between April 26, 2004 and February 10, 2005, inclusive (must be documented). (Persons who received Veeco common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions, except as otherwise provided in the Notice):

| Date(s) of Purchase (List Chronologically) (Month / Day / Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (excluding commissions, taxes and fees) | Please Check the Box if this Transaction was the Result of the Exercise of an Option |
|---|---|---|---|---|
| 1. | | $ | $ | ☐ |
| 2. | | $ | $ | ☐ |
| 3. | | $ | $ | ☐ |
| 4. | | $ | $ | ☐ |

Total shares of Veeco common stock purchased from April 26, 2004 through February 10, 2005, inclusive: _____.

11. **SALES DURING THE CLASS PERIOD:** I made the following sales (including short sales) of Veeco common stock between April 26, 2004 and February 10, 2005, inclusive (must be documented):

| Date(s) of Sale (List Chronologically) (Month / Day / Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (excluding commissions, taxes and fees) | Please Check the Box if this Transaction was a Short Sale |
|---|---|---|---|---|
| 1. | | $ | $ | ☐ |
| 2. | | $ | $ | ☐ |
| 3. | | $ | $ | ☐ |
| 4. | | $ | $ | ☐ |

Total shares of Veeco common stock sold from April 26, 2004 through February 10, 2005, inclusive: _____.

12. **SHARES HELD AT THE END OF THE CLASS PERIOD:** At the close of trading on February 10, 2005, I owned the following shares of Veeco common stock (If none, write "zero" or "0") (If other than zero, must be documented): _____

13. **SALES AFTER THE CLASS PERIOD:** I made the following sales (including short sales) of Veeco common stock between February 11, 2005 and May 8, 2006, inclusive (must be documented): (This section applies only to the shares held at the close of trading on February 10, 2005 as shown in Number 12 above.)

| Date(s) of Sale (List Chronologically) (Month / Day / Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |

Total shares of Veeco common stock sold from February 11, 2005 through May 8, 2006, inclusive: _____.

14. **UNSOLD HOLDINGS:** At the close of trading on May 8, 2006, I owned the following shares of Veeco common stock purchased prior to or during the Class Period. (If none, write "zero" or "0") (If other than zero, must be documented): _____.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU <u>MUST</u> PHOTOCOPY THIS PAGE AND <u>MUST</u> CHECK THIS BOX ☐

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice of Proposed Settlement of Class Action (the "Notice"). I (we) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my claim as a member of the Class and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to Plaintiff's Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions or sales of Veeco Securities during the Class Period and know of no other person having done so on my behalf.

**RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever settle, release and discharge with prejudice from the Settled Claims each and all of the Released Parties (as defined below).

2. "Released Parties" means Defendants named in the Action, including their predecessors, successors, subsidiaries, affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants, advisors and the heirs, executors, administrators, predecessors, successors, representatives or assigns of the foregoing.

3. "Settled Claims" shall mean all claims, debts, demands, rights or causes of action or liabilities whatsoever by Lead Plaintiff, on its own behalf and on behalf of the Class, against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by Lead Plaintiff or the Class Members against any of the Released Parties, (ii) that have been or could have been asserted in any forum by Lead Plaintiff or the Class Members against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, holding or sale of Veeco publicly-traded securities during the Class Period, or (iii) that have been or could have been asserted in this Action or any forum by the Class Members or any of them against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action.

4. "Unknown Claims" means any and all Settled Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge all claims that have been or could have been asserted against Lead Plaintiff and/or Lead Plaintiff's Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

6. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever settle, release and expressly waive with prejudice any claims for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

7. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

8. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Veeco securities which occurred during the Class Period as well as: (1) the number of shares of Veeco common stock held by me (us) at the opening of trading on April 26, 2004; (2) the number of shares of Veeco common stock held by me (us) at the close of trading on February 10, 2005; (3) the sales of Veeco securities between February 11, 2005 and May 8, 2006; and (4) the number of shares of Veeco common stock held by me (us) at the close of trading on May 8, 2006.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Date: _____

Signature of Claimant
(If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Title/Capacity of person(s) signing, e.g. beneficial purchaser(s), president, executor, administrator, trustee, etc.)

4

# SUBSTITUTE FORM W-9
Request for Taxpayer Identification Number ("TIN") and Certification

## PART 1

NAME: _____

Check appropriate box:  ☐ Individual/Sole Proprietor   ☐ Pension Plan   ☐ Corporation
                       ☐ Partnership   ☐ Trust   ☐ IRA   ☐ Other _____

Enter TIN on appropriate line. For individuals, this is your Social Security number ("SSN"). For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN"). For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __          or          __ __ - __ __ __ __ __ __ __
Social Security Number                              Employer Identification Number

## PART 2

### CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my/our correct Taxpayer Identification Number; and I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the IRS that you are subject to backup withholding, you must cross out the word "NOT" above and check here ☐.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

NOTE: If you require the instructions for Completing Substitute Form W-9, please make a written request to us at Claims Administrator, Veeco Instruments Inc. Securities Litigation, Heffler, Radetich & Saitta LLP, P.O. Box 59027, Philadelphia, PA 19102-9027. Please note that your accountant should also be able to provide you with these instructions.

I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                    Month/year                      City/State/Country

_____      _____
(Date)                                      (Date)

_____      _____
(Sign your name here)                       (Sign your name here)

_____      _____
(Type or print your name here)              (Type or print your name here)

_____      _____
(Capacity of person(s) signing, e.g., Beneficial Owner Executor,   (Capacity of person(s) signing, e.g., Beneficial Owner Executor,
Administrator or Corporate Title)           Administrator or Corporate Title)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Veeco Instruments Inc. Securities Litigation
c/o Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027

# FIRST CLASS MAIL

### PLEASE FORWARD—IMPORTANT LEGAL NOTICE

**REMINDER CHECKLIST**

1. Please be sure to sign this Proof of Claim. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. Please remember to attach copies of supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

3. Do NOT use a highlighter on the Proof of Claim or any supporting documents.

4. If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

5. The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 30 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 30 days, please call the Claims Administrator toll free at 1-800-768-8450.

**THIS PROOF OF CLAIM AND RELEASE MUST BE POSTMARKED
NO LATER THAN DECEMBER 3, 2007 AND MUST BE MAILED TO:**

*Veeco Instruments Inc. Securities Litigation*
Heffler, Radetich & Saitta LLP
P.O. Box 59027
Philadelphia, PA 19102-9027